IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

THOMAS HAROLD SHERMAN,                                          PETITIONER

V.                                                              NO. 2:98CR090-GHD

UNITED STATES OF AMERICA,                                       RESPONDENT

## MEMORANDUM OPINION

Presently before the court is Thomas Sherman's, a federal inmate proceeding *pro se*, motion in which he is seeking to reduce his sentence based upon the decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Upon due consideration the court finds that the motion shall be denied.

*A. Factual and Procedural Background*

On April 1, 1999, Sherman was sentenced to 120 months imprisonment to be followed by give years of supervised release for manufacturing methamphetamine. Judgment was entered on April 7, 1999. Sherman appealed his conviction and sentence. The Fifth Circuit Court of Appeals affirmed the judgment on February 15, 2000. Sherman pursued and was denied relief pursuant to 28 U.S.C. 2255, as well as several other post-conviction procedural challenges. Sherman filed this, his latest motion, on June 24, 2005. While this matter was pending, however, Sherman was released from federal imprisonment on November 16, 2007.

*B. Discussion*

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (citations omitted).

>           This cases-or-controversy requirement subsists through all stages of federal
>      judicial proceedings, trial and appellate . . . The parties must continue to have a
>      "personal stake in the outcome' of the lawsuit." This means that, throughout the
>      litigation , the plaintiff "must have suffered, or be threatened with, an actual injury
>      traceable to the defendant and likely to be redressed by a favorable judicial decision.
>
>           An incarcerated convict's (or a parolee's) challenge to the validity of his
>      conviction always satisfies the case-or-controversy requirement, because the
>      incarceration (or the restriction imposed by the terms of the parole) constitutes a
>      concrete injury, caused by the conviction and redressable by invalidation of the
>      conviction. Once the convict's sentence has expired, however, some concrete and
>      continuing injury other than the now-ended incarceration or parole–some "collateral
>      consequence" of the conviction–must exist if the suit is to be maintained. In recent
>      decades, we have been willing to presume that a wrongful criminal conviction has
>      continuing collateral consequences (or, what is effectively the same, to count
>      collateral consequences that are remote and unlikely to occur).

*Spencer v. Kemna*, 523 U.S. 1, 7-8, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998) (internal citations omitted).

When Petitioner filed the present motion, he was incarcerated. He specifically attacks his sentenced under the United States Supreme Court's *Blakely* decision. Petitioner, however, was released from confinement on November 16, 2007. His release renders the instant motion moot. *See United States v. Robinson*, 39 Fed. Appx. 723, 724-26 (3d Cir. 2002). Additionally, the case or controversy requirement of Article III has not been satisfied. Thus, the court lacks jurisdiction over this action.

Furthermore, Sherman was sentenced on April 1, 1999, more than 5 years before *Blakely* was issued on June 24, 2004, and well before *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (Jan. 12, 2005). The Fifth Circuit has held that *Blakley* does not extend, or apply, to the federal Sentencing Guidelines. *United States v. Pinerio*, 377 F.3d 464, 473 (5th Cir. 2004). Sherman filed this motion on June 24, 2005. Therefore, under the law in this circuit at the time of Sherman's sentencing the mandatory application of the Guidelines was appropriate and was not unconstitutional based upon *Blakely* and *Booker*.

*Blakely* and the subsequently decided *Booker* would have to apply retroactively for Sherman's argument to succeed. On December 8, 2005, however, the Fifth Circuit held *Booker* does

not apply retroactively to cases on collateral review and therefore, the holding does not apply to the motion such as the case *sub judice*. *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005) (applying the *Teague* analysis). Accordingly, Sherman's claim is not cognizable on collateral review. Sherman's argument that his sentence should have been reduced based on *Blakely* and *Booker* is without merit.

*C. Conclusion*

For the foregoing reasons, Petitioner's motion (docket entry 69) should be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 4th day of November, 2008.

/s/ Glen H. Davidson
_____
SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI